Curtis A. JESSEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5490.

United States Court of Appeals
Tenth Circuit.

Feb. 16, 1957.

---

214

Francis W. Brown, Washington, D. C. (Robert L. McDougal and Rollie R. Rogers, Denver, Colo., on the brief), for appellant.

John S. Pfeiffer, Denver, Colo. (Donald E. Kelley, Denver, Colo., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

After remand in Jessen v. United States, 10 Cir., 212 F.2d 897, the appellant was given a 1-O or conscientious objector classification by his local draft board, and was ordered to perform civilian work at the Denver General Hospital. He was indicted, tried and convicted for wilfully refusing to perform such work in violation of Section 462(a), Title 50 U.S.C.A.Appendix.

On appeal, the appellant attacks the validity of the order on the grounds that the Board issuing it was not lawfully constituted and therefore without jurisdiction, (1) because the territorial limits of the Board were not wholly

within one county; and (2) one member of the Board (the Chairman) had moved from the county and territorial limits of the Board when the challenged order was issued.

Section 460(b) of Title 50 U.S.C.A. Appendix authorizes the President of the United States to create and establish "one or more local boards in each county or political subdivision corresponding thereto of each State" provided that an intercounty local board may be established for an area not exceeding five counties when the president determines that it is in the public interest and that the establishment of such intercounty board will result in more efficient and economical operation.

■ All agree that Local Board No. 1 of the City and County of Denver, where appellant lived and registered, also extended into and embraced two city blocks in an adjoining county. It is also agreed that such Board was not an intercounty board within the meaning of the statute. But, the statute does no more than require the creation and establishment of one or more local boards in each county. It does not provide or require such boards to exist wholly within the territorial limits of one county. United States ex rel. McCarthy v. Cook, 3 Cir., 225 F.2d 71.

Section 460(b) also provides that "each local board shall consist of three or more members to be appointed by the president * * *" and that each member of any local board shall be a civilian citizen of the United States residing in the county in which such local board has jurisdiction.

■ It is apparently conceded that when the Chairman became a member of the Board, he lived within the City and County of Denver and within its territorial limits, and was therefore a de jure member of a de jure board. After he moved, he continued to exercise the duties of his office under color of title. He was therefore a de facto officer and his acts as such are valid so far as the public and third parties having an interest in them are concerned. And,

"neither his eligibility to appointment nor the validity of his official acts can be inquired into except in a proceedings brought for that purpose." United States ex rel. Doss v. Lindsley, 7 Cir., 148 F.2d 22, 23, 158 A.L.R. 525; Ex parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765; Johnson v. Manhattan Ry. Co., 2 Cir., 61 F.2d 934. It follows that the local Board was legally constituted; that it had jurisdiction over the person of the appellant when he registered; and that it did not lose it when one of the members moved from its territorial limits. In any event, we are certain that the appellant cannot attack the qualifications of its members in this proceedings.

■ The appellant also attacks the order of the Board requiring him to report for work at the Denver General Hospital "in the community in which he resides" without a showing that such work was "desirable in the national interest", contrary to valid selective service regulations. § 1660.21(a), 32 C.F.R. From the evidence, the trial court found that the Board considered Jessen's request to do work in the East for the Jehovah's Witness sect of which he was a member, but found that such institutions were not qualified under the regulations; that they gave him an oppority to request work in a qualified institution outside the state and submitted him a list of such institutions; and that he never made any choice of eligible institutions. On these facts, the trial court rightly concluded that the order to report to the Denver General Hospital was proper, and that it necessarily carried with it a finding that the work of the registrant in his home community was in the national interest.

■ The appellant also contends that the Hospital did not offer him work, but the trial court found otherwise. The record is plain to the effect that the registrant refused to accept the work offered him because it was contrary to his religious scruples. There is no error in the record and the judgment is affirmed.