**UNITED STATES of America, Plaintiff,**

**v.**

**Jack Michael NUSSBAUM, Defendant.**

**No. 42950.**

United States District Court
N. D. California.

Oct. 22, 1969.

David Bancroft, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Phillip B. Ziegler, Berkeley, Cal., for defendant.

## MEMORANDUM OF DECISION

### SWEIGERT, District Judge.

This is a criminal action for violation of the Selective Service Act, Title 50 App. U.S.C. § 462 (refusal to submit to induction into the Armed Forces of the United States) and the defendant has been found guilty after trial before the court, a jury having been waived.

One of the issues raised by defendant in the pending case is that a local board member whose vote was necessary to constitute a quorum at the meeting classifying him as 1–A, resided in the county in which the board was constituted but did *not* reside in the particular area of the county over which the board had jurisdiction and, that it was practicable that such a resident of the county could have been appointed. It has been so stipulated in the case.

It has been held in this district that non-residence of a local board member within the particular area over which a board has jurisdiction is a matter affecting the jurisdiction of the board, so far as that member is concerned, and that this question of jurisdiction may be raised by any registrant affected thereby in criminal proceedings charging failure or refusal to report for induction.[1]

After careful consideration of these rulings this court concludes that they should not be followed[2] in the pending case for the reasons hereafter set forth.

## THE REGULATION—INTERPRETATION

The Selective Service Act of 1967, Title 50 App. U.S.C. § 460, provides that the President shall create and establish one or more local boards in each county, or political subdivision corresponding thereto, in each state; that each local board shall consist of three or more members to be appointed by the President of the United States from recommendations made by the respective state governors[3] and that each member of a local board shall be a civilian who is a citizen of the United States "residing in the county, or political subdivision corresponding thereto, in which local board has jurisdiction."

It will be noted that the statute requires only residence in the *county* and contains no requirement that the board member be also a resident of the area of the county over which the particular board has jurisdiction.

---

1. United States v. Beltran, Criminal No. 42330, N.D.Cal. 7/11/69; United States v. De Marco, Criminal No. 42377, N.D. Cal. 7/30/69. (See, 2 SSLR 3204). No appeal is pending from these acquittals. The rulings, nevertheless, establish precedents which, although far reaching in effect, leave the question disturbingly unsettled.

2. The point is a debatable one on which judicial opinion may understandably differ. It is desirable, however in the interest of public clarification, that the point should be reviewed and the matter settled by the Court of Appeals. An appeal from the judgment in the pending case would provide such a review and settlement.

3. Since 1943 it has been the practice in California for the Governor, before making his official recommendations to the President, to request the Presiding Judge of the Superior Court of each county to submit their unofficial recommendations to him as a means of assisting the Governor in making his official recommendation.

This additional requirement appears only in the regulation promulgated by the Director of Selective Service System. This regulation, CFR § 1602.52, provides that members of local boards shall be residents of a county in which their local board has jurisdiction *and who shall, if at all practicable, be residents of the area in which their local board has jurisdiction.* (Emphasis added.)

There is no contention in the pending case that the board member in question was not appointed by the President of the United States on recommendation of the Governor of California as above provided. Nor is there any contention that any residential qualification defect is the result of bad faith appointment made for the purpose of denying any class or group equal treatment under the law.

██ Bearing in mind that the area residence requirement here in question is not one provided by the statute but merely an additional requirement included by the Director in the Selective Service Regulations, the question first arises whether it should be interpreted as mandatory or merely directory.

We doubt that the Director intended this additional requirement, which the Congress had not even mentioned, to be mandatory in the sense that non-compliance would affect the jurisdiction of the board and the validity of its acts.

The very flexibility of the language chosen by the Director, calling for residence within the area "if at all practicable," suggests that he intended the additional requirement to be, not mandatory, but directory only. If the Director had intended the additional area residence requirement to be mandatory and jurisdictional he would hardly have injected a further, complicating element of "practicability" that would make valid membership dependent, not only on county and area residence, but also on the further extrinsic issue of the practicability of

obtaining members from within the area.

We are of the opinion, therefore, that that regulation should be interpreted as directory, rather than mandatory.

## RESIDENTIAL DEFECT-NOT SUBJECT TO COLLATERAL ATTACK

██ But, even if the statute be interpreted as mandatory in this respect, it is fundamental, well established law that public officials, holding an office under color of an appointment made or an election held in the manner required by law holds the office, if not de jure, at least de facto, and, as such, their eligibility, even if dependent on certain extrinsic statutory qualifications, such as residence, may not be collaterally challenged; the right and title of such de facto officers will be conclusively presumed unless and until they are ousted in a direct proceeding in the nature of quo warranto brought against them to determine their de jure right and title to the office. Ex parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765 (1899); United States ex rel. Doss v. Lindsley, 148 F.2d 22, 23 (7th Cir.1945); Johnson et al. v. Manhattan Ry. Co., 61 F.2d 934 (2d Cir.1932); Rockingham County v. Luten Bridge Co., 35 F.2d 301 (4th Cir. 1929); Hutchins v. Pac. Mutual Life Ins. Co. of California et al., 20 F.Supp. 150 (S.D.Cal.1937); United States ex rel. Watkins v. Commonwealth of Pennsylvania, 214 F.Supp. 913, 916 (W.D.Pa. 1963). See also, Ensher, Alexander & Barsoom, Inc. v. Ensler, 238 Cal.App.2d 250, 47 Cal.Rptr. 688, 692 (1965); In re Bunker Hill Urban Renewal Project 1B, 61 Cal.2d 21, 37 Cal.Rptr. 74, 88, 389 P. 2d 538 (1964); 67 C.J.S. Officers §§ 74 and 146, pp. 308, 446; 74 C.J.S. Quo Warranto §§ 1, 4, 7.[4]

The reason for this general rule is obvious, i. e., the uncertainty that would otherwise cloud all official public acts having to do with such matters as licenses, tax receipts, realty records, administrative decisions—even court judg-

4. See also, Hallinan v. Mellon, 218 Cal.App.2d 342, 32 Cal.Rptr. 446 (1963).

ments. For example, the strange consequence would be that Selective Service orders made, not only in the particular pending case and future cases, but also in thousands of past instances, would be of doubtful validity. For, if the matter be jurisdictional and subject to *collateral* attack by any one affected, then it would follow that drafted members already in the armed forces might on habeas application claim unlawful detention in that their classification and induction was invalid if a board member, although a resident of the county, happened to reside outside of the particular area of the county over which the board had jurisdiction.

■ This well established rule, concerning public officers, the validity of their acts and the manner in which their title to office can or cannot be challenged, has been invariably applied in principle to cases involving membership on Selective Service Boards. Jessen v. United States, 242 F.2d 213 (10th Cir. 1957); DuVernay v. United States, 394 F.2d 979 (5th Cir.1968); Haven v. United States, 403 F.2d 384 (9th Cir. 1968) (perhaps a dictum); United States v. Richmond, 274 F.Supp. 43 (C. D.Cal.1967). We know of no authority outside of this district holding otherwise.

Nor does the legislative history of Section 460 suggest any Congressional intent or reason for departing from the collateral attack rule in Selective Service cases. That legislative history discloses only that the Congress preferred and intended a system of local citizen boards, rather than a widespread civil service administrative system—an objective which it carried out by requiring that board members be residents of the *county* over which the local board has jurisdiction.

■ For the foregoing reasons this court concludes and holds that non-residence of a board member within the particular area of the county over which a local board has jurisdiction may not be collaterally challenged in prosecutions

for refusal of induction or in other comparable proceedings in which the issue is collaterally raised.

■ The only way in which the title to the office can be properly raised is in a direct proceeding brought against the allegedly disqualified board member to oust him from office.

■■ Under Rule 81(a) (2) Fed.R. Civ.P., any remedy that could have been obtained under a writ of quo warranto may now be achieved by a civil action of that nature. Slim Olson Inc. v. National Enforcement Comm., D.C., 118 F.Supp. 861 (1954). On the relation of interested persons the United States Attorney may commence such an action to test the de jure right of any federal official, including members of Selective Service Boards.

The availability of this exclusive, but adequate remedy, makes it clear (and this court does not intimate to the contrary) that appointments to Selective Service Boards must be carefully screened to assure that the requisite residential qualifications of Board members, as provided by the statute and the regulations, are met.