**UNITED STATES of America, Plaintiff,**

v.

**Alfred Loren WALLACE, Defendant.**

**No. F–292 Cr.**

United States District Court, E. D. California.

Jan. 12, 1970.

John P. Hyland, U. S. Atty., Richard V. Boulger, Asst. U. S. Atty., Fresno, Cal., for the Government.

Michael Thomas, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

CROCKER, District Judge.

In a bifurcated trial the defendant was found guilty by a jury on the factual issues, and after hearing and argument, the legal issues were submitted with briefs for decision by the court. The Government was represented by Richard V. Boulger, Assistant United States Attorney; the defendant was represented by Michael Thomas, Esq.

Defendant claims that his draft board was not lawfully constituted from a geographic standpoint in accordance with section 1604.52(c) of 32 C.F.R. which states in part, "The members of local boards shall be citizens of the United States who shall be residents of a county in which their local board has jurisdiction and who shall also, if at all practicable be residents of the area in which their local board has jurisdiction."

Local Board No. 68 is divided into panels, and Panel A has exclusive jurisdiction over defendant for purposes of classification in accordance with 32 C.F.R. § 1604.52a(c).

At all times critical to this case, Panel A of local board 68 was composed of Mr. Lloyd Harnish who lived in the County of Fresno and in the area in which Panel A had jurisdiction; Mr. William Zelhart who lived in the County of Fresno and in the area in which Panel B of local board 68 had jurisdiction; and Mr. Phil Babel who lived in the County of Fresno, but in the area in which local board 71 had jurisdiction.

Congress created local boards to function within a limited geographical area so that the members of the board would have a fairly intimate knowledge of economic and social conditions in the area they serve and so that members of the community could continuously observe the actions of the board. Thus, the registrant is judged by his friends and neighbors in full view of the community.

As all three members of Panel A that classified defendant I–A by a vote of 3 to 0 reside within Fresno County, 32 C.F.R. 1604.52(c) has been complied with. The fact that two of the three resided within the area in which local board 68 has jurisdiction only points out that defendant was not prejudiced by one member being from another area. 32 C.F.R. § 1604.52(c) does not require the board members to reside in the area in which the panel has jurisdiction as argued by defendant.

■ Defendant's complaint that he is not being judged by his friends and neighbors is not well-founded, because defendant has not physically resided in the Fresno area for six years, having studied and worked in other areas, including Europe and Illinois, and all three members of Panel A reside within the neighborhood of defendant's parents whose address he used for draft purposes.

■ Defendant has not been prejudiced by the make-up of the local board because he appealed, and the Appeal Board decided on the same classification by a vote of 4 to 0. Defendant does not challenge the qualifications of the members of the Appeal Board.

Defendant claims that Panel A of local board 68 was not lawfully constituted because one of its members, Mr. Lloyd Harnish, had served more than twenty-five years. Mr. Harnish was appointed to local board 68 on August 16, 1948, and has served continuously since that time, so on June 12, 1967, when he participated in the I–A classification of the defendant, he had served less than nineteen years under the Selective Service Act of 1948.

Mr. Harnish had served under other Selective Service Acts on local board 123 from March 5, 1942 to September 4, 1946, and on local board 126 from September 4, 1946 to June 11, 1947, or a total of 5 years, 3 months and 6 days. So, even if Mr. Harnish's service under other Selective Service laws is added to his present service, he had served less than twenty-five years at the time he classified this defendant.

■ This is also the type of irregularity that is cured by appeal. As the appeal board is not challenged and they also classified defendant I–A, defendant would have suffered no prejudice even if Mr. Harnish had served more than twenty-five years.

Defendant next claims that Mr. Harnish was biased and prejudiced against him, because on cross-examination at the trial Mr. Harnish said he felt that defendant had "welshed" in that he had not submitted to induction after this same Board had granted deferments through college, study in Europe and one year in teaching. But, this occurred after defendant's classification, and Mr. Harnish had never seen defendant prior to the classification, thus could not have been biased or prejudiced at the time of the action by the Board.

■ Defendant next urges that his classification was without basis in fact. However, defendant has failed to establish a prima facie case for any other classification. If his attempts to show a prima facie case for a lower classification could be considered adequate they were shown to be insincere by his letter dated October 16, 1967, to the draft board,

wherein he rejected all procedural rights, withdrew his request for appeal, returned his draft card and stated he would rather sit in jail than submit to induction.

Defendant claims that his order to report for induction was invalid because the entire board did not meet and had not authorized the Clerk to sign orders to report for induction.

 Panel A of local board 68 had exclusive jurisdiction over defendant for purposes of classification, and having classified him I–A, his order by the Board to report for induction is implied on the condition that he pass his physical examination and reach the top of the order of call. When defendant was found physically acceptable and his name was reached on the order of call, the act of the Clerk of the local board in signing and mailing the order to report for induction is ministerial in character and authorized by the valid, implied conditional board order. [United Sates v. Hughes, 9 Cir., 414 F.2d 1330.]

Defendant cites 32 C.F.R. 1604.52a(c) for the proposition that the full board must order defendant's induction but this section provides that "all questions arising in the selection of registrants for armed forces physical examination or for induction, * * * shall be determined by the local board as a whole."

Defendant having been classified I–A, and no questions arising other than classification, there was no action required by the whole board, so the failure of the whole board to meet was not prejudicial to defendant. The failure to give the Clerk written authority to sign the induction order was not prejudicial to defendant.

Defendant's failure to report and submit to induction was not caused by his belief that the order was invalid and void, but the belief that "compulsory military service amounts to slavery." Thus, defendant has not been prejudiced by the acts of his local board and any irregularities have been cured by the hearing before the Appeal Board.

Defendant also moved for acquittal on the ground that the Selective Service failed to furnish information concerning Mr. Harnish's service on other Selective Service boards. This information has now been furnished to the defendant, but even if it had not been furnished, it would not be grounds for acquittal.

Since the legal issues are decided adversely to the defendant, the verdict of "guilty" as returned by the jury remains in effect. Defendant is instructed to contact the Probation Office by January 26, 1970, for a pre-sentence report to be considered on February 16, 1970.