John CZEPIL, Plaintiff-Appellant,

v.

Lewis B. HERSHEY et al., Defendants-Appellees.

No. 18055.

United States Court of Appeals,
Seventh Circuit.

March 12, 1970.

Joseph Beeler, Edward T. Joyce, Chicago, Ill., for plaintiff-appellant.

Thomas A. Foran, U. S. Atty., Richard F. Sprague, John Peter Lulinski, Asst. U. S. Attys., of counsel, Chicago, Ill., for defendants-appellees.

Before DUFFY, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

Plaintiff received an order for induction on April 28, 1969. He thereupon requested Form S.S. 150 (Special Form for Conscientious Objector). His induction was stayed. After a hearing before Local Board 44, plaintiff was denied a conscientious objector status. Plaintiff submitted additional evidence but again the Board denied him a conscientious objector status.

The case at bar is a pre-induction suit for an injunction. The principal point relied on by plaintiff is that Board 44 which issued an induction order to him, was illegally composed in that two members thereof did not reside in the specific area over which Board 44 has jurisdiction. It is not disputed that all members of the Board reside in Cook County, Illinois in which Local Board 44 is located. Plaintiff says that his claim goes not to the decision of the Board but to the legality of the Board itself.

The controlling statute is 50 U.S.C. App. § 460(b) (3) "* * * No member of any local board shall be a member of the armed forces of the United States, but each member of any local board shall be a civilian who is * * * residing in the county or political subdivision corresponding thereto in which such local board has jurisdiction. * * *"

The regulation promulgated under the statute (32 C.F.R. § 1604.52(c)) reads: "The members of local boards * * * shall be residents of a county in which their local board has jurisdiction and who shall also, if at all practicable, be residents of the area in which their local board has jurisdiction."

The only jurisdictional requirement as to place of residence of members of Board 44 is met in this case as all members thereof reside in Cook

County, Illinois. The provision in the regulations that members of the Board "if at all practicable" shall reside in the area in which the Board has jurisdiction, is not mandatory. See Jessen v. United States, 242 F.2d 213, 215 (10 Cir., 1957).

A somewhat similar situation arose in United States v. Brooks, 415 F.2d 502 (6 Cir., 1969). There, a failure to comply with 32 C.F.R. § 1604.52(c) was urged. The Court said, 415 F.2d at page 505: "We consider also that the action of Local Board 20 cannot be here challenged on the ground of the lack of proper residential qualifications of some of its members. It was in all events a *de facto* board whose action is not subject to this collateral attack. The holding of the Fifth Circuit in Clay v. United States, *supra,* 397 F.2d at 911, supports this general view."

Plaintiff relies on two district court cases in California, United States v. DeMarco (N.D.Cal., 1969) and United States v. Beltran, 306 F.Supp. 385 (N.D. Cal., 1969). However, United States v. Nussbaum, 306 F.Supp. 66 (N.D.Cal., 1969) is subsequent to *DeMarco* and *Beltran.* In *Nussbaum,* the Court held the defect is not subject to collateral attack but that the "if at all practicable" phrase makes the area requirement directory. We agree, but as the Government concedes, persons having standing may attack the composition of Local Boards by proceedings in the nature of *quo warranto.*

Plaintiff makes no explanation for the late filing of his conscientious objector claim. He had enjoyed a number of student deferments and did not raise his alleged conscientious objector claim until after he was reclassified and ordered to report for induction.

In United States v. Henderson, 411 F. 2d 224, 227 (5 Cir., 1969) the Court said: "It is apparent * * * that defendant waited until he had exhausted all his deferments, until he had been classified 1-A and until military service had become imminent before seeking a conscientious objector classification. This chronology of events which comprised the defendant's Selective Service history had a direct bearing upon his sincerity and was properly considered by the appeals board in denying his claim for conscientious objector status. [Citing cases]."

In Clark, Attorney General v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968) where the registrant filed suit to enjoin his induction, the Supreme Court held that the draft board had exercised its statutory discretion evaluating the evidence in appellee's individual case, and had reviewed his claim. They indicated that Congress may constitutionally require that a registrant's challenges to such decisions be deferred until after induction when the remedy of habeas corpus would be available, or until defense of a criminal prosecution.

We hold that in the case at bar, nothing more is involved except the exercise of discretion by the Local Board in denying the plaintiff a reopening of his classification based upon a very late conscientious objector claim. We hold that Board 44 was and is at least a *de facto* board whose action in this case is not subject to pre-induction collateral attack.

Judgment of the District Court in dismissing the suit herein is

Affirmed.