**UNITED STATES of America,
Plaintiff,**

v.

**Lenhard Michael KRUEGER, Defendant.**

**No. 70 CR 40.**

United States District Court,
N. D. Illinois, E. D.

Nov. 16, 1970.

William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff.

Richard K. Means, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR RECONSIDERATION

ROBSON, Chief Judge.

The government moves this court to reconsider that part of its order of June 25, 1970, pertaining to information sought by the defendant for discovery and inspection [1] in this prosecution for refusal to submit to induction into the armed services. For the reasons set forth below, this court is of the opinion the motion should be granted and, further, that the portion of the order in question should be vacated.

In his pretrial motions, the defendant sought and the court granted an order directing the government to disclose the names, home addresses, military affiliations, dates of birth, and dates of appointment of the members of the defendant's local selective service board at each of the following points in time:

(1) The time or times when the board classified the defendant 1–A;

(2) The time or times when the board considered or reconsidered defendant's classification, or status (including but not limited to any declaration of delinquency or denial or reopening);

(3) The time or times when the board issued an order to report for pre-induction physical examination;

(4) The time or times when the board issued an order to report for induction.

In his brief supporting this motion, the defendant stated that the information in question was relevant and material to the preparation of his defense. He sought to ascertain whether his local

---

1. Although the motion was included in the defendant's motion for a bill of particulars, it was incorporated by reference into the defendant's motion for discovery and inspection. The court treated the request as a discovery motion.

board was constituted in conformity with qualifications imposed by the Military Selective Service Act of 1967[2] and the Selective Service Regulations[3] at all points in time when his draft status was affected. As authority, he cited decisions rendered by two judges of the Northern District of California permitting a collateral attack upon the qualifications of selective service board members as an absolute defense to a criminal prosecution for refusal or failure to obey orders issued by that board. United States v. Machado, 306 F.Supp. 995 (N.D.Cal.1969); United States v. Beltran, 306 F.Supp. 385 (N.D.Cal.1969). See also United States v. DeMarco, F. Supp., 2 S.S.L.R. 3204 (N.D.Cal.1969). It is the defendant's contention that a deficiency in the qualifications of any selective service board member compels an acquittal of the charge in this indictment.

Discovery of the information sought is properly material and relevant to preparation of the defense only if, as a matter of law, successful collateral attack upon the qualifications of a selective service board member, or members, would constitute a defense to a criminal prosecution. The government has failed to address itself to this threshold question in either the brief it originally filed in opposition to this motion or in its brief in support of the motion for reconsideration. Rather, the government continues to oppose disclosure on the grounds that the information sought is confidential under the Selective Service Regulations[4] and disclosure might subject such members to "harassment and abuse by the defendant or his friends and comrades." The government also contends that such an order improperly forces it to disclose the names of its witnesses prior to trial. Both these objections beg the issue, and the court does not base its conclusions on the grounds asserted by the government. Certainly,

were the defense tendered a valid one, an appropriate protective order covering the matter disclosed would obviate the "confidentiality" problem. The defendant has indicated in his briefs on this issue that he would willingly accede to such an order limiting disclosure. The government's objection predicated on the theory that it cannot be compelled to disclose names of its witnesses prior to trial under any circumstances is also without merit. Again, were the defense asserted a legally tenable one, the information sought could or might be exculpatory and, if so, the government would be compelled to produce such information in accordance with the mandate of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Attempted collateral attacks upon the qualifications of the members of administrative boards, governmental officers, or judges as grounds for invalidating their orders, or as justification for refusing to obey their orders, is not a new phenomenon in the law. With the exception of the two decisions relied upon by the defendant, such an approach has been universally discredited. In the earliest reported case in this area, a prisoner unsuccessfully sought to have his conviction set aside on the grounds that the commission of the judge who presided at the trial was defective. Ex parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765 (1899). There, the Supreme Court held that

" * * * the title of a person acting with color of authority, even if he be not a good officer in point of law, cannot be collaterally attacked * * * "
Id., at 456, 19 S.Ct. at 460.

Similarly, the United States Court of Appeals for the Seventh Circuit, in affirming the dismissal of a habeas corpus petition, ruled that a person actually performing the duties of an office under color of title is an officer de facto, and his acts in such a capacity are valid so

2. 50 U.S.C. App. § 460(b) (3).

3. 32 C.F.R. §§ 1604.52, 1604.54, 1604.55, and 1604.56.

4. 32 C.F.R. § 1606.62.

far as the public or third parties who have an interest in them are concerned. United States ex rel. Doss v. Lindsley, 148 F.2d 22, 23 (7th Cir. 1945). There, the Seventh Circuit held that a defendant in a state criminal proceeding could not collaterally attack the qualifications or eligibility for appointment of the special state's attorney who prosecuted him on the grounds that "neither his eligibility to appointment nor the validity of his official acts can be inquired into except in a proceeding brought for that purpose." *Id.*, at 23.

This long-standing principle has also been applied to attempted collateral attacks upon members of selective service boards. In Jessen v. United States, 242 F.2d 213 (10th Cir. 1957), the defendant was prosecuted for refusing to obey an order issued by his draft board to perform certain civilian work pursuant to his conscientious objector classification. The defendant collaterally attacked the qualifications of the chairman of the local board on the grounds that previous to issuance of the order he had moved his residence outside the territorial limits of the board, and outside the counties encompassed by the board as well. Judge Alfred P. Murrah, on behalf of the court, wrote that although the nonresident draft board chairman ceased to be a de jure member of the board after he moved, he was a de facto member "and his acts as such are valid so far as the public and third parties * * * are concerned." *Id.*, at 215. See also DuVernay v. United States, 394 F.2d 979, 983 at n. 6 (5th Cir. 1968), aff'd 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306 (1969); United States v. Richmond, 274 F.Supp. 43 (C.D.Cal.1967).

While two judges of the Northern District of California have allowed a collateral attack upon an improperly constituted selective service board as a defense to a criminal prosecution, two other judges of that court have barred such attacks as contrary to the well-established principles of law discussed above.

United States v. Nussbaum, 306 F.Supp. 66 (N.D.Cal.1969); United States v. Kaul, 305 F.Supp. 829 (N.D.Cal.1969). In the *Nussbaum* decision, Judge William T. Sweigert concluded that

" * * * it is fundamental, well established law that public officials, holding an office under color of an appointment made or an election held in the manner required by law holds the office, if not de jure, at least de facto, and, as such, *their eligibility, even if dependent on certain extrinsic statutory qualifications, such as residence, may not be collaterally challenged; the right and title of such de facto officers will be conclusively presumed unless and until they are ousted in a direct proceeding in the nature of quo warranto brought against them to determine their de jure right and title to the office.* [Citing cases].

"The reason for this general rule is obvious, i. e., the uncertainty that would otherwise cloud all official public acts having to do with such matters as licenses, tax receipts, realty records, administrative decisions— even court judgments. For example, the strange consequence would be that Selective Service orders made, not only in the particular pending case and future cases, but also in thousands of past instances would be of doubtful validity. For, if the matter be jurisdictional and subject to *collateral* attack by any one affected, then it would follow that drafted members already in the armed forces might on habeas application claim unlawful detention in that their classification and induction was invalid if a board member * * * [failed to meet regulatory qualifications]." *Id.*, 306 F. Supp. at 68–69. (Emphasis supplied).

It is significant that the United States Court of Appeals for the Seventh Circuit cited the *Nussbaum* decision with approval in Czepil v. Hershey, 425 F.2d 251, 252 (7th Cir. 1970), where the court observed that

"[i]n *Nussbaum*, the Court held the defect[5] is not subject to collateral attack but that the 'if at all practicable' phrase makes the area requirement directory. We agree, but as the Government concedes, *persons having standing may attack the composition of Local Boards by proceedings in the nature of quo warranto.*" [Emphasis supplied].

A similar conclusion was reached by the United States Court of Appeals for the Sixth Circuit when it held

"We consider also that the action of \* \* \* [the local selective service board] \* \* \* cannot be here challenged on the ground of the lack of proper . residential qualifications of some of its members. It was in all events a *de facto* board whose action is not subject to this collateral attack." United States v. Brooks, 415 F.2d 502, 505 (6th Cir. 1969), cert. den. 397 U.S. 969, 90 S.Ct. 1003, 25 L.Ed. 2d 263 (1970).

The Eighth Circuit reached the same conclusion in United States v. Chaudron, 425 F.2d 605, 611 (8th Cir. 1970). The Fifth Circuit, in a draft case where the defendant unsuccessfully asserted that his induction order was invalid because the local selective service board was racially imbalanced, ruled that

" \* \* \* a draft board system which does not have a sufficiently representative number of Negro members [i. e., is improperly or illegally constituted] is comparable to a malapportioned legislature. The acts of such a legislature are not invalid and the laws which it passes are not null and void. The . acts of a malapportioned legisla-

ture or local or county commission or board are acts of a de facto political authority and valid despite their failure to be apportioned in accordance with Baker v. Carr \* \* \*" Clay v. United States, 397 F.2d 901, 911 (5th Cir. 1968), remanded on other grounds sub nom. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed. 2d 297 (1969).

*See also* United States ex rel. Watkins v. Commonwealth of Pennsylvania, 214 F. Supp. 913, 916 (W.D.Pa.1963).

 After research and careful consideration of the important legal principles involved, this court concludes that the *Beltran* and *Machado* decisions are departures from a sound and authoritative body of law. Unpopularity of compulsory draft laws, particularly among those most vitally affected, does not justify a cavalier attitude by the court in disregarding fundamental legal principles so that such laws may be subjected to attacks without legal precedent or foundation. The qualifications of selective service board members, as well as the qualifications of members of any other governmental body or officer, cannot be collaterally attacked as a defense to a criminal prosecution. It necessarily follows that the personal information sought by the defendant is neither relevant nor material to the preparation of his defense, and is therefore not a proper subject for discovery. Rule 16(b), Federal Rules of Criminal Procedure.

It is therefore ordered that the portion of the court's order, entered on June 25, 1970, pertaining to disclosure of information concerning selective service board members be, and it is hereby vacated.

5. The defect in issue in both the *Nussbaum* and *Czepil* decisions was the failure of local board members to meet the residency requirements set forth in the Selective Service Regulations.