**UNITED STATES of America**

v.

**Joshua GROUPP.**

**Crim. No. 71–3.**

United States District Court,
D. Maine, S. D.

Oct. 12, 1971.

Peter Mills, U. S. Atty., John B. Wlod-kowski, Asst. U. S. Atty., Portland, Me., for plaintiff.

Daniel G. Lilley, Portland, Me., for defendant.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

Joshua Groupp was found guilty by a jury of refusing to submit to induction into the armed forces of the United States, in violation of 50 U.S.C. App. § 462(a). He has now filed a timely motion for a judgment of acquittal, Fed.R. Crim.P. 29(c), on the ground that his local Selective Service Board, Local Board No. 16, Kennebunk, Maine, was illegally constituted when it classified him I–A and subsequently ordered him to report for induction. His specific contention is that two members of the Board had served as local board members for more than 25 years.

The controlling statute is 50 U.S.C. App. § 460(b) (3), which provides in relevant part as follows:

> * * * No member shall serve on any local board * * * for more than twenty-five years, or after he has attained the age of seventy-five.

The applicable Selective Service System regulation, 32 C.F.R. § 1604.52(d), merely repeats the language of the statute.

It is undisputed that the service records of two of the five members of Local Board No. 16 are as follows: Mr. Arthur J. Peloquin was appointed to Local Board No. 16, created under the Selective Service Act of 1948,[1] on May 4, 1951, and has served continuously since that time. Mr. Herbert R. Bean was appointed to Local Board No. 16 on August 13, 1948, and has served continuously since. Thus, neither on October 14, 1968, when defendant was classified I–A, nor on May 20, 1970, when defendant was finally ordered to report for induction, had either Mr. Peloquin or Mr. Bean served more than 25 years as a member of Local Board No. 16: as of the former date, Mr. Peloquin had served 17 years, 5 months and 10 days, and Mr. Bean 20 years, 2 months and 1 day; as of the latter date, Mr. Peloquin had served 19 years and 16 days, and Mr. Bean 21 years, 9 months and 7 days.

Both Mr. Peloquin and Mr. Bean had served on other local boards created under the Selective Training and Service Act of 1940.[2] Under the 1940 Act, Mr. Peloquin had served as a member of Local Board No. 1, Biddeford, Maine, from October 10, 1940 until the Board was disbanded on May 7, 1947, a total of 6 years, 6 months and 27 days. Under the 1940 Act, Mr. Bean had served as a member of Local Board No. 2, Biddeford, Maine, from January 14, 1942 until the Board was disbanded on May 7, 1947, a total of 5 years, 3 months and 23 days. Thus, if their service under the 1940 Act is added to their service under the 1948 Act, Mr. Bean had served more than 25 years when he participated in the I–A classification of defendant and both Mr. Bean and Mr. Peloquin had served in excess of 25 years when defendant's induction order was issued.

Defendant contends that in determining Mr. Peloquin's and Mr. Bean's years of service for purposes of Section 460(b) (3), their service under the 1940 Act must be added to their service under the 1948 Act; that Local Board No. 16 was, therefore, illegally constituted at the time of his I–A classification and subsequent induction order; that the Board was for this reason without jurisdiction to issue his induction order; and that defendant can

---

1. Act of June 24, 1948, ch. 625, 62 Stat. 604, codified to 50 U.S.C.App. §§ 451–471.

2. Act of September 16, 1940, ch. 720, 54 Stat. 885 (expired March 31, 1947).

raise this jurisdictional defect as a defense to the present prosecution. For the reasons to be briefly stated, the Court disagrees:

■ 1. *Composition of Local Board No. 16.* The combined research of the Court and counsel has disclosed no case discussing this aspect of Section 460(b) (3).[3] The Court is presented, therefore, with what is essentially a case of first impression. It seems clear, however, on the face of the statute, that "local board" can refer only to a local board created under the 1948 Act, because of the simple fact that no other local boards were in existence at the time of the passage of the 1948 Act; nor were any others referred to in the Act. Statutory authorization for local boards under the 1940 Act expired on March 31, 1947, at which time Congress directed that the Selective Service System be liquidated not later than March 31, 1948. Act of March 31, 1947, ch. 26, 61 Stat. 31. The local boards created under the 1940 Act, including the boards on which Mr. Peloquin and Mr. Bean had been serving, were disbanded prior to enactment of the Selective Service Act of 1948. The 1948 Act did not recognize the continuation of any previous local boards; rather, that Act authorized the President to "create and establish within the Selective Service System civilian local boards, civilian appeal boards, and such other civilian agencies, including agencies of appeal, as may be necessary * * *." 50 U.S.C. App. § 460(b) (3). Only under this legislation did the present local boards come into existence. The 25-year limitation upon the service of board members was added by amendment to the 1948 Act in 1967,[4] and must be read as a part of that Act. 1 Sutherland, Statutory Construction § 1935 (3rd ed. 1943). The legislative history of the 1967 amendment offers no clue to any different Congressional intent,[5] and absent any clear expression to the contrary, the reference to local boards in the 1967 amendment can refer only to those boards authorized by the 1948 Act. These reasons lead the Court to conclude that the 25-year limitation on the service of Board members contained in Section 460(b) (3) proscribes only service in excess of 25 years on local boards created under the 1948 Act.[6] It follows that Local Board No. 16 was lawfully constituted when it classified defendant I–A and subsequently ordered him to report for induction.

2. *Prejudice to defendant.* Even if the Court is mistaken in the foregoing analysis and the 25-year statutory limitation on board members' service should be regarded as including service under the 1940 Act, the failure to comply with the statute did not prejudice defendant and therefore does not constitute a defense to the present charge. The record dis-

---

3. In United States v. Wallace, 310 F.Supp. 961 (E.D.Cal.), aff'd on other grounds, 435 F.2d 12 (9th Cir. 1970), defendant claimed that his local board was not lawfully constituted because one of its members had served more than 25 years. The court found, however, that even if the member's service under the 1940 Act were added to his service under the 1948 Act, he had served less than 25 years at the time the board classified the defendant. 310 F.Supp. at 963.

4. Military Selective Service Act of 1967, Act of June 30, 1967, Pub.L.No.90–40, § 1(8), 81 Stat. 104, amending 50 U.S.C. App. § 460(b) (3).

5. *See* Hearings on Extension of the Universal Military Training and Service Act Before the House Comm. on Armed Services, 90th Cong., 1st Sess. (1967); H.R. Rep.No.76, 89th Cong., 2d Sess. (1966); Hearings on Review of the Administration and Operation of the Selective Service System Before the House Comm. on Armed Services, 89th Cong., 2d Sess. (1966); 1 U.S.Code Cong. & Ad.News 1308 (1967); Report of the National Advisory Commission on Selective Service (1967).

6. The Selective Service System administrative interpretation is in accord with this construction of the statute. Shortly after the 1967 amendment, the National Director took the position that the 25-year limitation on service of board members began with the date of passage of the 1948 Act, June 24, 1948, and hence no member would be subject to removal under the provision prior to June 24, 1973. Letter from Lewis B. Hershey, Director, to all State Directors, July 14, 1967.

closes that the challenged actions of his local board were all taken by unanimous 5 to 0 votes. Even if, therefore, Mr. Peloquin and Mr. Bean should not have participated, a quorum of three was at all times present and affirmatively voting. *See* 32 C.F.R. § 1604.56. Furthermore, the Selective Service file discloses that the classifications sought by defendant were rejected for reasons wholly unrelated to the length of service of the Board members. Nor is it suggested that the 25-year service limitation is so fundamental to fairness as to amount to a denial of Due Process. In sum, there is no showing of actual or potential prejudice to the defendant in this case arising from the fact that two Board members may have served more than 25 years. *Cf.* United States v. Reeb, 433 F.2d 381, 384 (9th Cir. 1970), cert. denied, 402 U.S. 912, 91 S.Ct. 1391, 28 L.Ed.2d 654 (1971).

■ 3. *Collateral attack.* Regardless of whether or not the 25-year service limitation is cumulative, and even if defendant should not be required to show prejudice by a failure to abide by the statute, it is fundamental, well-settled law that public officials, holding office under color of an appointment made in the manner required by law, hold the office, if not de jure, at least de facto, and their eligibility may not be collaterally challenged. Ex parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765 (1899); United States ex rel. Doss v. Lindsley, 148 F.2d 22, 23 (7th Cir.), cert. denied, 324 U.S. 863, 65 S.Ct. 866, 89 L.Ed. 1419 (1945). All of the circuit courts, and a substantive majority of the district courts, which have considered the question have applied this well-established rule to deny collateral attack upon the composition of local Selective Service boards. United States v. Chaudron, 425 F.2d 605, 611 (8th Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 93, 27 L.Ed.2d 89

(1970); Czepil v. Hershey, 425 F.2d 251, 252 (7th Cir.), cert. denied, Czepil v. Tarr, 400 U.S. 849, 91 S.Ct. 44, 27 L.Ed. 2d 51 (1970); United States v. Brooks, 415 F.2d 502, 505 (6th Cir.), cert. denied, 397 U.S. 969, 90 S.Ct. 1003, 25 L.Ed.2d 263 (1970); Jessen v. United States, 242 F.2d 213, 215 (10th Cir. 1957); DuVernay v. United States, 394 F.2d 979, 983 n. 6 (5th Cir. 1968) (dictum), aff'd by an equally divided court, 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306 (1969); United States v. Nussbaum, 306 F.Supp. 66, 68–69 (N.D.Cal.1969); United States v. Kaul, 305 F.Supp. 829, 831 (N.D.Cal.1969); United States v. Richmond, 274 F.Supp. 43, 61 (C.D.Cal. 1967); *see* Clay v. United States, 397 F.2d 901, 911 (5th Cir. 1968), remanded on other grounds, sub nom. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969). As the court observed in United States v. Nussbaum, *supra.*

> The reason for this general rule is obvious, i.e., the uncertainty that would otherwise cloud all official public acts having to do with such matters as licenses, tax receipts, realty records, administrative decisions—even court judgments. For example, the strange consequences would be that Selective Service orders made, not only in the particular pending case and future cases, but also in thousands of past instances, would be of doubtful validity. For, if the matter be jurisdictional and subject to *collateral* attack by any one affected, then it would follow that drafted members already in the armed forces might on habeas application claim unlawful detention in that their classification and induction was invalid * * *. 306 F.Supp. at 68–69. (emphasis in original).

This Court agrees with the cited cases and subscribes to the reasoning of *Nussbaum.* While recognizing that three other courts have disagreed,[7] the Court

7. *See* United States v. Lemke, 310 F.Supp. 1298 (N.D.Cal.1969), rev'd on other grounds, 439 F.2d 762 (1971) and United States v. Beltran, 306 F.Supp. 385, 388–

390 (N.D.Cal.1969) (Peckham, J.); United States v. Machado, 306 F.Supp. 995, 999–1000 (N.D.Cal.1969) and United

is persuaded that the actions of Local Board No. 16 cannot be here challenged because of any lack of qualification of two of its members. It was a de facto board whose actions are not subject to this collateral attack.

 4. *Exhaustion of administrative remedies.* Defendant's challenge to the composition of his local board was first asserted as a defense to the present criminal prosecution. At no time did defendant appeal his classification to the State Appeal Board, as he was entitled to do under 32 C.F.R. § 1626.2. In the view of this Court, his failure to exercise his right of appeal, and thereby to exhaust his available administrative remedies, bars this subsequent attack. In McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), the Supreme Court held that a registrant's failure to appeal his classification should not foreclose judicial review in a criminal case *"unless the interests underlying the exhaustion rule clearly outweigh the severe burden imposed upon the registrant if he is denied judicial review."* 395 U.S. at 197, 89 S.Ct. at 1664. (emphasis supplied). Under *McKart,* the inquiry in each case must be as to whether there is "a governmental interest compelling enough" to deny judicial review, *id.* at 197, 89 S.Ct. 1657; even if there is no such compelling interest in the particular case, the court must still ask whether allowing registrants to bypass administrative appeal procedures "would seriously impair the Selective Service System's ability to perform its functions." *Id.* See McGee v. United States, 402 U.S. 479, 484–485, 91 S.Ct. 1565, 1569, 29 L.Ed.2d 47 (1971).

 In a case such as the present one, there is plainly a compelling governmental interest in requiring the registrant to present to the Selective Service System a challenge to the composition of one of its local boards. Here also, permitting registrants to bypass administrative review procedures would seriously impair the System's ability to perform its functions. For if a registrant is allowed to attack the composition of his local board for the first time as a defense to a criminal prosecution, a cloud would be cast upon the validity of every order issued by a local board which might have been improperly constituted, not only orders affecting the particular registrant, but also orders affecting innumerable other registrants in no way involved in the pending proceeding. It is manifest that the government has a vital interest in insuring that challenges to the composition of Selective Service boards are timely raised within the Selective Service System itself. United States v. Tobias, 447 F.2d 227 (3rd Cir. 1971); United States v. Brooks, *supra,* 415 F.2d at 505; DuVernay v. United States, *supra,* 394 F. 2d at 980–81.

\* \* \*

Defendant's motion for a judgment of acquittal is denied.

It is so ordered.

States v. DeMarco, 2 SSLR 3204 (N.D. Cal.1969) (Zirpoli, J.) ; United States v.

Williams, 317 F.Supp. 1363, 1367–1370 (E.D.Pa.1970) (Masterson, J.).