494 F.2d 1353
 85 L.R.R.M. (BNA) 2922, 73 Lab.Cas. P 14,451,
1976-2 Trade Cases 61,042
 INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND
ASBESTOS WORKERS ete., et al., Appellants,
v.
UNITED CONTRACTORS ASSOCIATION, INC., OF PITTSBURGH,
PENNSYLVANIA, a corporation, and Associated Trades
and Crafts Union.
 No. 71-1947.
 United States Court of Appeals, Third Circuit.
 April 10, 1974.
 
 Stanford A. Segal, Daniel W. Cooper, Gatz, Cohen & O'Brien, Pittsburgh, Pa., for appellants.
 Timothy P. O'Reilly, Bridgeville, Pa., for appellee, United Contractors Assn., Inc., of Pittsburgh, Pa., a corporation.
 Burton C. Duerring, Pittsburgh, Pa., for appellee, Associated Trades and Crafts Union.
 Before SEITZ, Chief Judge, and FORMAN and HUNTER, Circuit Judges.
 SUPPLEMENTAL OPINION OF THE COURT amending 3d Cir., 483 F.2d 384, which vacated order W.D.Pa. 331 F.Supp. 1298
 FORMAN, Circuit Judge.
 
 
 1
 On July 17, 1973 an opinion[1] was filed in the above-named case upon which a judgment and mandate issued on August 8, 1973. The decision of the court remanded the case to the United States District Court for the Western District of Pennsylvania with, among other things, a direction to certify pertinent labor issues to the National Labor Relations Board. In compliance, on September 21, 1973, the District Court issued an order certifying the issue to the Board.
 
 
 2
 On September 28, 1973 the Board, pursuant to the Federal Rules of Appellate Procedure, moved for leave to file as amicus curiae a brief out of time, in order to present its views as to the appropriateness of the certification of issues contemplated by the court's decision, and represented that counsel for the appellants and appellees had advised counsel for the Board that they had no objection to the granting of the motion. On October 4, 1973 the Board filed a motion to reopen the case and recall the court's mandate of August 8, 1973.
 
 
 3
 On October 28, 1973 the court granted the motion to reopen and to recall the mandate for the purpose of considering the Board's motion for leave to become an amicus curiae in the proceeding. An order was also filed March 28, 1974 granting the Board leave to become an amicus curiae in this appeal. No briefs were filed by the parties in response to the Board's brief.
 
 
 4
 We are now informed on examination of the Board's brief that the labor issues contemplated in the original opinion of this court as being appropriate for disposition by it were, in fact, considered in its case No. 6-CA-5384 entitled Union Contractors Associates, Inc. and Building and Construction Trades Council of Pittsburgh and Vicinity AFL-CIO and Associated and Construction Trades Council and Crafts International Construction Union, the identical parties in this case. The proceeding before the Board was initiated by the filing of a charge on February 16, 1971 by Building and Construction Trades Council of Pittsburgh and Vicinity AFL-CIO (the appellants here). The General Counsel issued a complaint thereon on December 28, 1971, which was heard by a Trial Examiner and decided on August 31, 1972. His recommendations were adverse to the contention of the Building and Construction Trades Council and were affirmed and adopted by the Board.
 
 
 5
 The instant case was instituted in the District Court on December 1, 1970 and was decided there on August 9, 1971. It was heard before this court on October 5, 1972. The Board was not made a party to the court action and the knowledge that the matter was proceeding before the Board contemporaneously with the court case did not come to the attention of this court until the brief of the Board as amicus curiae was filed herein.
 
 
 6
 We agree with the argument made by the Board that our directive to the District Court to certify all labor issues to the Board for the purpose of having the Board return its findings of fact as to the referred acts and its conclusions of law as to the labor issues to the District Court for whatever effect the resolution of such issues might have in evaluating antitrust problems, was inappropriate under the circumstances that the Board had already considered the identical issues[2] involving the very parties in this case. Nevertheless, as the Board concedes in its brief (p. 10), its determination of the issues raised before it in the labor proceedings are not conclusive of the antitrust issues considered in the District Court and reviewed here on appeal. Meat Cutters v. Jewel Tea Co., 381 U.S. 676, 85 S.Ct. 1596, 14 L.Ed.2d 640 (1965). It appears therefore that we need not reach the issue of whether the doctrine of primary jurisdiction is applicable here but that the opinion of July 17, 1973 should be amended by deleting
 
 
 7
 (a) the designation 'I' on page 7[3] and
 
 
 8
 (b) that portion of the opinion beginning with the designation 'II' on page 23 to the end of the next to the last paragraph on page 33.[4]
 
 ORDER
 Hence it is
 
 9
 Ordered that the opinion in this case filed on July 17, 1973 be amended by deleting therefrom (a) the designation 'I' on page 7[3] and (b) that portion of the opinion beginning with the designation 'II' on page 23 to the end of the next to the last paragraph on page 33.[4]
 
 
 
 [1]
 International Ass'n, etc. v. United Contractors, etc., 433 F.2d 384 (3d Cir. 1973)
 
 
 [2]
 In its brief (p. 10) the Board considerately offered to make the decisions and record in the unfair labor practice proceeding available for whatever purpose the court may deem appropriate
 
 
 [3]
 International Ass'n, etc. v. United Contractors, etc., 483 F.2d at 389 (3d Cir. 1973)
 
 
 [4]
 Id. at 399