STATE EX REL. KLEINSTEUBER, Respondent, vs. KOTECKI, Comptroller, Appellant.

*October 29—November 18, 1913.*

*Officers: Resignation: When vacates office without acceptance: De facto officer: Right to salary: Receipt of pension: Municipal corporations: Fixing salary of new office: Time: Fire and police commission: Commissioners to belong to different political parties: Constitutional law.*

1. Where the term of an officer is during good behavior, subject to removal for cause, and there is no provision that he shall hold until his successor qualifies, the office becomes vacant under sec. 962, Stats., upon his resignation, without an acceptance thereof.

2. Where acceptance of the resignation of such an officer is refused and he continues to perform the duties of the office, he becomes a *de facto* officer and is entitled to the salary of the office if there is no *de jure* officer claiming it.

3. Under ch. 347, Laws of 1913 (amending sec. 925—31c, Stats.), the fact that a city officer is receiving a pension from a fund held by the city does not debar him from drawing the salary of his office.

4. In a statute (sec. 959—46d, Stats.: Laws of 1911, ch. 586) creating a board of fire and police commissioners in cities of the first class, a provision that not more than two of the five commissioners "shall at any time belong to the same political party" does not exclude any one from eligibility and does not render the law unconstitutional.

5. A municipal ordinance creating a new office, passed after the time at which the common council is required by law to fix all salaries, may nevertheless fix the salary of the office so created.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Wm. H. Timlin, Jr.,* and oral argument by *Mr. Timlin.*

*Moritz Wittig,* for the respondent.

VINJE, J.   This is an appeal from a judgment granting a peremptory writ of *mandamus* commanding the defendant, as comptroller of the city of Milwaukee, to audit and countersign the pay rolls of said city for the months of April, May, June, and July, 1912, so far as the salary, at $150 per month, of the relator, as superintendent of the police and fire alarm system, is concerned.   The defendant demurred to the petition for an alternative writ on the ground that it did not state facts sufficient to constitute a cause of action, and upon the court's overruling the demurrer judgment was granted as stated.   The appeal raises a number of questions which will be briefly noticed.

1. It is claimed that the relator is not entitled to his salary because the petition shows that on the 25th of April he presented his resignation to the board of fire and police commissioners and that such resignation vacated the office. Counsel for relator cites a large number of cases holding that a resignation without an acceptance does not vacate the office, and counsel for defendant cite many cases holding the contrary.   Fortunately, sec. 962, Stats. 1911, settles the controversy.   It provides: "Every office shall become vacant on the happening of either of the following events: (1) The death of the incumbent.   (2) His resignation. . . ."   So it must be held that upon the filing of the resignation of the

relator the office was vacated, since his term of office was during good behavior subject to removal for cause. There was no provision in the act creating the office that he should hold till his successor qualified, so the case does not fall under the rule announced in *State ex rel. Wheeler v. Nobles,* 109 Wis. 202, 85 N. W. 367.

2. But the petition shows the board refused to accept the resignation and that the relator continued to exercise the duties of the office up to the time of filing the petition. He therefore became a *de facto* officer from the time his resignation was filed, and having performed the duties of the office, and there being no *de jure* officer claiming it, he was entitled to his salary under the rule of *State ex rel. Elliott v. Kelly,* 154 Wis. 482, 143 N. W. 153.

3. The objection that he was debarred from drawing a salary because he received a pension is negatived by ch. 347, Laws of 1913, amending sec. 925—31c, Stats., which provides:

"No officer or employee receiving a salary from any city, whether organized under general or special law, shall receive for service of any kind or nature rendered such city any compensation therefor other than the salary fixed and provided for such office. This act shall apply to all officials now serving or hereafter elected or appointed to public place. Provided, that for the purposes of this section moneys or funds held by any such city as pension funds shall not be considered or construed to be city money or funds, and that the payment to or receipt by any person of any money from any such funds shall not be construed as the payment or receipt of money or compensation from such city."

4. It is claimed that ch. 586, Laws of 1911 (sec. 959—46d, Stats.), which creates a board of police and fire commissioners in cities of the first class, and under which the relator was appointed, is unconstitutional, because it provides with reference to membership: "Not more than two of whom shall at any time belong to the same political party," and the

case of *Rathbone v. Wirth,* 150 N. Y. 459, 45 N. E. 15, is cited to sustain the claim. The provision there considered was that no person "is eligible to the office of police commissioner unless at the time of his election he is a member of the political party or organization having the highest or next highest representation in the common council," and it was held unconstitutional by a vote of four to three on the ground that it unlawfully limited the eligibility to the office to adherents of the two political parties having the highest representation in the common council, and was an unreasonable restriction upon local self-government. The case of *Rogers v. Buffalo,* 123 N. Y. 173, 25 N. E. 274, was referred to and distinguished. There it was held that a provision in an act creating a civil service commission that "no more than two of whom shall be adherents of the same party" was valid because it provided merely for diversity of representation and excluded no one, whether an adherent of any, or of no, political party, from being eligible. That is precisely the case at bar. The law does not exclude any one from eligibility. On the other hand, its aim is to compel reasonable diversity of representation. We are also referred to the cases of *Att'y Gen. v. Detroit Common Council,* 58 Mich. 213, 24 N. W. 887; *State ex rel. Holt v. Denny,* 118 Ind. 449, 21 N. E. 274, 4 L. R. A. 65; and *Evansville v. State,* 118 Ind. 426, 21 N. E. 267, 4 L. R. A. 93. In *Att'y Gen. v. Detroit Common Council* the provision was for the appointment of election inspectors consisting of two persons from each of the two leading political parties, and it was held to be in violation of the Michigan constitution, because it recognized only two political parties and made it a necessity for the appointments to be made from, and confined to, the members of those parties. The New York court distinguishes the Michigan case from *Rogers v. Buffalo* on that ground, because in the *Rogers Case,* as in the case at bar, there is no requirement that any member shall be chosen from any political party,

nor does the provision in question disqualify one who belongs to *no* political party or make him ineligible. Instead of being restrictive it is distributive in its effect. In *State ex rel. Holt v. Denny, supra,* a provision that officers and patrolmen of a fire and police department should be selected equally between two leading political parties was held unconstitutional. The same provision was held unconstitutional in *Evansville v. State, supra.* The Michigan and Indiana cases are clearly distinguishable from the case before us, and we have no hesitation in holding the law constitutional.

5. The objection that the relator is not entitled to his salary because it was not fixed at the time when the charter requires the fixing of annual salaries is disposed of in favor of the relator by the case of *State ex rel. Elliott v. Kelly,* 154 Wis. 482, 143 N. W. 153.

A number of other points are raised by the defendant, but they do not seem to be of sufficient importance to merit separate treatment. They have all been considered and held not to affect the merits of the judgment appealed from.

*By the Court.*—Judgment affirmed.

TIMLIN, J., took no part.