The People of the State of New York ex rel. Newton M. Curtis, Appellant, *v.* Henry Hogeboom and Others, as the Municipal Civil Service Commission of the City of Mount Vernon, Respondents.

Second Department, December 20, 1918.

Civil service — chapter 476 of the Laws of 1909, relating to the police department of the city of Mount Vernon, construed — appointment of police sergeants from patrolmen.

Under chapter 476 of the Laws of 1909, amending the charter of the city of Mount Vernon, the appointment of police sergeants from patrolmen is not at the pleasure of the commissioner so as to admit the argument that such appointees are free from the civil service provisions of the Constitution, the statutes and the rules prescribed by the city authorities.

The words " at pleasure " as used in said statute refer only to the demotion of police sergeants by the commissioner of police and do not mean that demotion may be made upon the mere caprice or whim of the commissioner.

The duties of a police sergeant, even if they include such superintendence of the members of the force as requires a report of the performance of their various duties, do not necessarily " involve trust and confidence which are personal to the appointing officer," so that the tests of civil service applied to patrolmen cannot result in the indication of those who as sergeants will perform their whole duties.

Appeal by the relator, Newton M. Curtis, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 26th day of June, 1918, denying his motion for a peremptory writ of mandamus, and also from an amended and resettled order entered in said clerk's office on the 5th day of July, 1918.

*Jeremiah D. Toomey,* for the appellant.

*J. Henry Esser, Corporation Counsel,* for the respondents.

Per Curiam:

We think that the construction of chapter 476 of the Laws of 1909 — an amendment to the charter of the city of Mount Vernon* — does not mean that the appointment of the police

---

* Laws of 1892, chap. 182, § 206e, added by Laws of 1903, chap. 402, as amd. by Laws of 1905, chap. 85, and Laws of 1909, chap. 476.— [Rep.

Second Department, December, 1918.     [Vol. 185.

sergeants from patrolmen is at the pleasure of the commissioner, so as to admit the argument that such appointees are free from the civil service provisions of the Constitution, the statutes and the rules prescribed by the proper authorities of the city. We think that the words " at pleasure " refer only to the demotion of such sergeants by the commissioner of police. There is nothing inconsistent in this construction with the tenure of office afforded by the charter, which is during good behavior.* " At pleasure " does not mean that demotion may be made upon the mere caprice or whim of the commissioner of police, but confers power in " the exercise of a wise discretion," with an eye to the good of the service. (See *Commonwealth* v. *McGann*, 213 Mass. 213, 215.) We are not convinced that the nature of the office of sergeant supports the contention that it must be deemed as having been excepted from the purview of the civil service on account of its confidential character. The duties of a police sergeant, even if they include such superintendence of the members of the force as requires a report of their performance of their various duties, do not necessarily " involve trust and confidence which are personal to the appointing officer" (See *People ex rel. Sweet* v. *Lyman*, 157 N. Y. 386), so that the tests of civil service applied to patrolmen cannot result in the indication of those who as sergeants will perform their whole duties.

We agree with the conclusion reached by Keogh, J., at Special Term, and for the reasons stated in his opinion handed down upon denial of the motion. The order is affirmed, but without costs.

Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

Order affirmed, without costs.

* See Laws of 1892, chap. 182, § 207, as added by Laws of 1903, chap. 402. — [Rep.