MacDONALD v. DeWAELE.

1. MUNICIPAL CORPORATIONS—POWER OF LEGISLATURE TO ABOLISH
   PUBLIC OFFICES CREATED BY STATUTE.

   Legislature has power, in absence of constitutional prohibition,
   to abolish public offices created by statute, even though done
   within terms for which incumbents were elected or appointed.

2. SAME—NO CONTRACT RELATION BETWEEN OFFICER AND MUNICIPAL-
   ITY.

   Public office is taken subject to contingency that it may be
   abolished lawfully; there being no contract relation between
   holder of office created by statute and State or municipality.

3. SAME—COUNTY OFFICERS—UNITING OFFICES—CONSTITUTIONAL
   LAW.

   Where board of supervisors voted to unite offices of county clerk
   and register of deeds, as authorized by Constitution (article 8,
   § 3), union does not become effective until next election, when
   one person should be elected to hold both offices; said board
   having no power to oust either officer during term for which
   he was elected.

Appeal from Bay; Browne (Clarence M.), J.,
presiding. Submitted April 18, 1933. (Calendar
No. 37,216.) Decided May 16, 1933.

Mandamus by Howard N. MacDonald, as county
clerk and register of deeds, to compel Alfred L.
DeWaele to turn over county property in his hands
held as register of deeds. Writ denied. Plaintiff
appeals. Affirmed.

*Oscar W. Baker* (*Gilbert W. Hand,* of counsel),
for plaintiff.

*John E. Kinnane, Jas. L. McCormick,* and *E. M. Sharpe,* for defendant.

SHARPE, J. At the general election held in the county of Bay in November, 1932, the plaintiff was elected county clerk and the defendant register of deeds. They both qualified and entered upon the performance of their duties on January 1, 1933.

Section 3 of article 8 of our State Constitution reads as follows:

"There shall be elected biennially in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds, and a prosecuting attorney, whose duties and powers shall be prescribed by law. The board of supervisors in any county may unite the offices of county clerk and register of deeds in one office or separate the same at pleasure."

Assuming to act under the power conferred in the last sentence thereof, the board of supervisors, at a meeting held on January 27, 1933, adopted a resolution uniting the offices of county clerk and register of deeds, to be effective on February 1, 1933, dispensed with the services of the defendant, and instructed him to turn over the property of the county in his hands to the county clerk. Demand therefor by the plaintiff was refused by the defendant. Plaintiff thereupon filed the petition herein for a mandamus to compel him to do so. The trial court entered an order dismissing the petition, from which the plaintiff has taken this appeal.

Counsel for the plaintiff contend that the action of the board of supervisors in uniting these offices was but an exercise of the power conferred on it by the constitutional provision. Its purpose, undoubtedly, is to permit the board to thus effect a

saving in expense to the county. No cause need be assigned therefor.

Counsel for the defendant do not question the power of the board to unite the offices, but insist that its action in doing so may not be made effective during the terms of the incumbents; that it may not thereby oust the defendant from the office to which he was elected, and of which he was then discharging the duties.

The section of the Constitution above quoted provides for the election biennially in each organized county of a county clerk and a register of deeds, "whose duties and powers shall be prescribed by law." Pursuant thereto the legislature, has imposed upon each of them certain duties and powers which need not be here enumerated. If such offices be united, the duties and powers imposed by the statute upon each of them shall thereafter be performed by one person, who shall thereafter fill the office of county clerk and register of deeds of the county.

Were these offices created by statute, the legislature might, in the absence of constitutional prohibition, abolish them, even though done within the terms for which the incumbents were elected or appointed. Mechem on Public Officers, § 465. See, 4 A. L. R. 205; 37 A. L. R. 814.

No contract relation exists between the holder of an office created by statute and the State or municipality. The person elected or appointed thereto holds subject to the will of the authority creating the office, unless such authority be limited by the act creating it. *Attorney General, ex rel. Rich,* v. *Jochim,* 99 Mich. 358 (23 L. R. A. 699, 41 Am. St. Rep. 606).

"The office is taken subject to the contingency that it may be abolished lawfully." *Sprister* v. *City of Sturgis,* 242 Mich. 68, 72.

The office of register of deeds is, however, a constitutional one, and no power is conferred upon the board of supervisors to abolish it. They may *unite* it with the office of county clerk or *separate* such offices at pleasure. We do not think any special significance attaches to the words "at pleasure." They simply mean that the board at any time when it is lawfully assembled may so act, in the exercise of a wise discretion on its part, having in view the purpose of the constitutional provision. *Commonwealth* v. *McGann*, 213 Mass. 213 (100 N. E. 355).

The qualified voters of the county elected the plaintiff county clerk and the defendant register of deeds. Their term of office is fixed by the Constitution at two years. Their duties are in no way intermingled. When united, the person elected shall become county clerk and register of deeds, and as such may perform any duty imposed by law upon either official. By the action taken, the board in effect appointed the plaintiff to fill an elective office, that of register of deeds of the county. No power to do so was expressly vested in it by the constitutional provision.

To place the construction upon this provision urged by the plaintiff would lead to gross injustice, and perhaps favoritism on the part of the board. No more reason exists, in case the offices are united, why the register of deeds should be deposed than the county clerk. It was surely not intended to confer upon the board the right of selection between these officers.

Under the power conferred, the board may also *separate* these offices. A moment's reflection will disclose that such action could not be made effective during the term of office of a person filling both offices. In case of such separation, which office

would become vacant? How would the vacancy be filled? Surely it would not be contended that the board might appoint a person to fill such vacancy should they by their action declare it, when the Constitution provides that both the county clerk and register of deeds shall be elected.

It seems clear to us that this provision should be construed as conferring upon the board of supervisors the power to at any time unite these offices or separate them, but such action on its part may not become effective until the next election, at which, in case the offices have been united, one person would be elected to the office of county clerk and register of deeds, and, in case of separation, one person would be elected to each of such offices.

The object and purpose of the provision is thus accomplished. Under it certain offices are created in each county for the administration of its municipal affairs. Provision is made for the election biennially of a person to fill each of such offices with powers and duties as prescribed by law. The offices of county clerk and register of deeds may be united by the boards of supervisors, and thereafter but one person shall be elected to hold both offices. So construed, it is consistent and practical and has the effect intended by its framers.

The conclusion reached renders it unnecessary to consider or discuss the other questions presented. The order dismissing the petition is affirmed. As a public question is involved, no costs will be allowed.

McDonald, C. J., and Clark, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.