**UNITED STATES of America,
Appellee,**

v.

**Joshua GROUPP, Defendant-Appellant.**

**No. 71–1351.**

United States Court of Appeals,
First Circuit.

Argued March 8, 1972.

Decided April 26, 1972.

Daniel G. Lilley, Portland, Me., by appointment of the Court, for defendant-appellant.

John B. Wlodkowski, Asst. U. S. Atty., with whom Peter Mills, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

■ Appellant was convicted by a jury for refusal to submit to induction into the armed services, a violation of 50 U.S.C. App. § 462(a) (1970), 333 F. Supp. 242. His sole contention on appeal is that, at the time he was classi-fied I–A and ordered to report for induction, his local board was illegally constituted. Specifically, he alleges that two members of the five-man board had served on local boards beyond the statutory tenure limitation, which provided:

> "No member shall serve on any local board or appeal board for more than twenty-five years, or after he has attained the age of seventy-five." 50 U.S.C. App. § 460.(b) (3) (1970).[1]

The facts on appeal have been stipulated. Appellant was classified I–A on October 14, 1968, by Local Board No. 16, Kennebunk, Maine. ' On May 20, 1970, he was ordered to report for induction. Both the classification and the order to report were unanimous decisions of the five-member board. One of the board members, Herbert R. Bean, had been appointed to Local Board No. 16 on August 13, 1948, and another member, Arthur J. Peloquin, had been appointed on May 4, 1951. Both served continuously since their appointments. Thus, at all times relevant to appellant, neither had been members of Local Board No. 16 in excess of twenty-five years. Each, however, had served on local draft boards existing under the Selective Training and Service Act of 1940.[2] Bean's combined local board service exceeded twenty-five years on the date of appellant's I–A classification.[3] Peloquin's combined service exceeded twenty-five years on the date appellant was ordered to report for induction.[4] The initial question, therefore, and one of first impression, is whether the tenure provision of 50 U.S.C. App. § 460(b) (3) (1970) was intended to include service on local boards existing pursuant to the 1940 Act.

---

1. Amended, Pub.L. 92–129, § 101(a) (26), 85 Stat. 352, September 28, 1971, to read in pertinent part:
   "After December 31, 1971, no person shall serve on any local board or appeal board who has attained the age of 65 or who has served on any local board or appeal board for a period of more than 20 years."

2. Act of September 16, 1940, ch. 720, 54 Stat. 885 (Expired March 31, 1947).

3. As of October 14, 1968, Bean's total combined tenure on local boards was 25 years, 5 months, and 24 days, over 5 years of which was service under the 1940 Act.

4. As of May 20, 1970, Peloquin's total combined tenure on local boards was 25 years, 7 months, and 13 days, over 6 years of which was service under the 1940 Act.

The Selective Training and Service Act of 1940 created draft machinery very similar to that currently in existence. Section 10(a) (2) authorized the President to "create and establish a Selective Service System . . . and [to] establish within the Selective Service System civilian local boards . . . ." The Selective Service System created by the 1940 Act was terminated by the Act of March 31, 1947, which established an Office of Selective Service records "to liquidate the Selective Service System, which liquidation shall be completed as rapidly as possible after March 31, 1947, but in any event not later than March 31, 1948. . . ." Life without the draft was short-lived, however. One year later Congress passed a new draft law, the Selective Service Act of 1948,[5] which recreated a Selective Service System. While the 1948 Act established essentially the same operational organization as had existed under prior law, it was not simply a reenactment, extension, or revision of the 1940 Act. When it was passed in 1948, the 1940 Act had expired, the Selective Service System had been liquidated, and no local boards existed. Section 10(a) (1) of the 1948 Act established "an agency to be known as the Selective Service System," and § 10(b) (3) (50 U.S.C. App. § 460(b) (3)) authorized the President to "create and establish . . . civilian local boards." The Office of Selective Service Records was transferred to the new Selective Service System with the continued task of liquidating any outstanding affairs of the previous System. 50 U.S.C. App. § 460 (a) (4). It is thus clear that, although patterned after the organization created in 1940, the Selective Service System established in 1948 was a new and separate system. It has remained in existence, albeit with amendments, extensions, and changes of name,[6] since 1948.

The limitation on the tenure of local board members was added to the law in 1967.[7] There is very little legislative history with reference to this provision, as Congress was primarily concerned with proposals to revamp substantially the Selective Service machinery and the mode of draftee selection. The provision, recommended by the House and agreed to in conference, received no significant mention or elaboration by the legislators. The idea of limiting the length of service on local boards apparently was sparked by the recommendations of two advisory committees. In its report to Congress, the Civilian Advisory Panel on Military Manpower Procurement suggested that tenure be limited to ten years, "prompted by [a] recognition that many dedicated local board members have served in this capacity since World War II."[8] A survey by the President's National Advisory Commission on Selective Service, which also reported to Congress in 1967, revealed that as of September 1966 over 8% of those local board members who responded to a questionnaire had served on local boards for over twenty years (necessarily including pre-1948 service).[9] This Commission recommended a tenure limitation of five years.[10]

5. Act of June 24, 1948, ch. 625, 62 Stat. 604, codified to 50 U.S.C. App. §§ 451–471.

6. In 1951, the name was changed to the "Universal Military Training and Service Act." Pub.L. 82–51, § 1, 65 Stat. 75, June 19, 1951. The name was changed in 1967 to the "Military Selective Service Act of 1967." Pub.L. 90–40, § 1, 81 Stat. 100, June 30, 1967. In 1971, the name became the "Military Selective Service Act." Pub.L. 92–129, § 101(a), 85 Stat. 348, September 28, 1971.

7. Military Selective Service Act of 1967, Pub.L. 90–40, § 8, 81 Stat. 104, June 30, 1967, amending 50 U.S.C. App. § 460(b) (3).

8. Hearings Before the Committee on Armed Services—Amending and Extending the Draft Law and Related Authorities, 90th Cong. 1st Sess. (1967) at 23.

9. Report of the National Advisory Commission on Selective Service (1967) at 73.

10. *Id.*, at 36.

Appellant argues that these commission reports are strong evidence of Congressional concern with service on local boards existing under the 1940 Act. He also points out that the 1967 amendment to 50 U.S.C. App. § 460(b) (3) directed full implementation of the tenure provision by January 1, 1968.[11] Unless periods of service under both Acts were meant to tack, he argues, the tenure provision would be without practical effect until 1973. Further, appellant contends that the 1948 Act merely reenacted the prior law, and that the phrase "any local board" is language broad enough to include pre-1948 local boards. Finally, he urges that the purposes of a durational limit, to curb perfunctory performance of duties and increase citizen participation, would be furthered by combining the two periods.

These arguments, while appealing, are not compelling. A tacking of periods would obviously further the purposes of a general limitation on tenure, but what we must discern is the extent to which Congress intended that these goals be pursued. Nor is the full implementation provision, see note 11 *supra*, decisive, for it can be read as anticipating the imminent impact of only the age and sex provisions. The legislative history, scant as it is, does provide some ballast for appellant's argued interpretation of the statute. However, we deem it counterbalanced by two other factors, one an element of general legislative history and the other a contemporaneous administrative interpretation of the provision.

As noted above, the 1948 Act created a Selective Service System where none existed, and authorized the creation of local boards within this new System. It was this System and these local boards which were before Congress for extension and amendment in 1967, and it is most likely that any action taken was intended to refer to them. Indeed, the tenure amendment was inserted into that subsection of the 1948 Act which authorized the creation and establishment of local boards. Read in the context of that subsection and against the background of an amendment to the 1948 Act, and in the absence of persuasive legislative history to the contrary, the more reasonable interpretation of "any local board" is that it refers only to local boards created pursuant to that subsection.

This conclusion is bolstered by an interpretation of the tenure provision by the Director of the Selective Service shortly after the 1967 amendments were adopted. In a letter to State Directors dated July 14, 1967, two weeks after enactment, General Hershey, then the national Director, wrote:

"Section [8(b)] of the Act imposes a limitation period of service of 25 years on local and appeal board members. This 25 year period begins with the passage of the Selective Service Act of 1948 (June 24, 1948). For this reason, no local or appeal board member would be subject to removal under this provision prior to June 24, 1973."

"[T]he interpretations of an Act of Congress by those charged with its administration are entitled to persuasive weight." Billings v. Truesdell, 321 U.S. 542, 552–53, 64 S.Ct. 737, 743, 88 L. Ed. 917 (1944). *See also* 2 Sutherland on Statutory Construction §§ 5101–5109. General Hershey was familiar with the

11. The full amendment inserted into 50 U.S.C. App. § 460(b) (3) read: "No member shall serve on any local board or appeal board for more than twenty-five years or after he has attained the age of seventy-five. No citizen shall be denied membership on any local board or appeal board on account of sex. The requirements outlined in the preceding two sentences shall be fully implemented and effective not later than January 1, 1968."

**182**

circumstances leading up to the legislation, and his contemporaneous interpretation has prevailed within the System. To give it credence not only recognizes his role in the legislative process, but also sustains the reliance which has been placed on this interpretation by public officials and the public. Moreover, this administrative construction has evoked no adverse Congressional reaction, thus entitling it to additional weight. *See* Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 313–315, 53 S.Ct. 350, 77 L.Ed. 796 (1933). Legislative acquiescence in the construction can be implied from more than silence, for when Congress reduced tenure to twenty years in 1971 it was presumably aware of the prevailing construction and retained, without modification, the phrase "any local board." See note 1 *supra*.

We therefore hold that the tenure provision of 50 U.S.C. App. § 460(b) (3) (1970) refers only to service on local boards created pursuant to the 1948 Act. Having concluded that appellant has no valid grounds on which to attack the composition of this Board, we do not reach the difficult questions of whether the illegal composition of one's local board may be raised as a defense to a criminal prosecution [12] or whether in order to do so a registrant must first have exhausted his administrative remedies.[13]

Affirmed.

12. Under the so-called "de facto doctrine," several courts have held that a local board's composition may not be attacked in a registrant's criminal prosecution, *e. g.*, United States v. Chaudron, 425 F.2d 605 (8th Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 93, 27 L.Ed.2d 89 (1970) ; Jessen v. United States, 242 F.2d 213 (10th Cir. 1957) ; United States v. Nussbaum, 306 F.Supp. 66 (N.D.Cal.1969). *Contra, e. g.*, United States v. Williams, 317 F.Supp. 1363 (E.D.Pa.1970) ; United States v. Machado, 306 F.Supp. 995 (N.D.Cal. 1969). Also, *compare* Ex parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765 (1899) ; McDowell v. United States, 159

U.S. 596, 16 S.Ct. 111, 40 L.Ed. 271 (1895) *with* Glidden Co. v. Zdanok, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962).

13. *Compare* United States v. Tobias, 447 F.2d 227 (3d Cir. 1971), cert. denied, 404 U.S. 1023, 92 S.Ct. 673, 30 L.Ed.2d 674 (1972) ; DuVernay v. United States, 394 F.2d 979 (5th Cir. 1968), aff'd by an equally divided court, 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306 (1969) *with* United States v. Lemke, 310 F. Supp. 1298 (N.D.Cal.1969), vacated on other grounds, 439 F.2d 762 (9th Cir. 1971).