Ernest J. TERRIEN, Plaintiff,

v.

METROPOLITAN MILWAUKEE CRIMINAL JUSTICE COUNCIL, Honorable Patrick J. Madden, Cynthia Kukor, Francis X. McCormack, Frank Bannen, Chief Harold Breier, James A. Brennan, Daniel F. Casey, James Demitros, Richard W. Glaman, Honorable William Jennaro, John R. Kalwitz, Lawrence P. Kelly, Arlene Kennedy, Joan Kessler, Robert Kliesmet, Robert K. Maas, E. Michael McCann, Philip McCullough, Terrance Pitts, Ruby Snowden, Donald Sykes, and Michael S. Wolke, members of the Milwaukee Metropolitan Criminal Justice Council in their representative and individual capacity, Defendants.

Civ. A. No. 75–C–75.

United States District Court,
E. D. Wisconsin.

Sept. 20, 1978.

L. C. Hammond, Jr., and Ross R. Kinney, Quarles & Brady, Milwaukee, Wis., for plaintiff.

Bronson C. LaFollette, Atty. Gen., and F. Joseph Sensenbrenner, Jr., Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331(a) challenging the manner of plaintiff Ernest J. Terrien's termination from employment as Executive Director of the defendant Metropolitan Milwaukee Criminal Justice Council (the "Council") in November 1974. The other defendants are past and present members of the Council.

Presently before the court are defendants' motion to strike plaintiff's demand for a jury trial, which will be denied; plaintiff's motion for partial summary judgment; and defendants' renewed motion for summary judgment. The summary judgment motions will also be denied, primarily because the inadequacy of the evidentiary materials submitted by both parties precludes any grant of summary judgment or of partial summary judgment.

The plaintiff seeks summary judgment with regard to his claimed liberty interest in his employment. He alleges that his reputation was damaged in the course of his termination from employment, and that the procedural safeguards provided were an insufficient protection of his interests. Also he seeks summary judgment on the issue of his entitlement to reinstatement to his former position and to back pay based on his allegation that the composition of the defendant Council at the time of his termination was in violation of state and federal law, and, therefore, that the Council's action in firing him was ineffective. The defendants seek summary judgment with respect to the issue of whether or not plaintiff had a property interest in his employment at the time of his termination. They allege that the plaintiff served "at the pleasure of" the Council and was therefore subject to termination at will.

The Council was created by Executive Order 42 on June 30, 1972, and continued in existence by Executive Order 5 on January 28, 1975, pursuant to the Federal Omnibus Crime Control and Safe Streets Acts of 1968 and 1973, 42 U.S.C. § 3701 et seq. On November 27, 1972, Mr. Terrien was appointed the Executive Director of the Council by majority vote of the members of the Council. His employment with the Council was terminated, effective November 22, 1974, at an executive session of the Council on November 21, 1974.

Terrien claims that at the time of his termination, he was charged by members of the Council with racial bigotry and drunkenness; that he was not given adequate notice of the charges, permitted to cross examine witnesses, or given a hearing before an impartial tribunal prior to his termination; that the charges were part of the public records of the Council and were made available to any potential employer; and therefore that he had a liberty interest in his employment which was violated by the manner of his termination. See, e. g., *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). The defendants argue that Terrien himself was responsible for making the charges against him public and, therefore, cannot claim deprivation by defendants of a liberty interest, see, e. g., *Cato v. Collins*, 539 F.2d 656 (8th Cir. 1976); *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 573–574 (7th Cir. 1975); that the charges made against Terrien were not stigmatizing within the meaning of the Fourteenth Amendment, see, e. g., *Abeytan v. Taos*, 499 F.2d 323 (10th Cir. 1974); *Adams v. Walker*, 492 F.2d 1003 (7th Cir. 1974); and that defendants offered Terrien a post-termination hearing to clear his name, which offer was sufficient to protect any liberty interest he might have had.

■ A person whose Fourteenth Amendment liberty interests are implicated by the manner of his termination from employment is entitled to a procedurally adequate pre-termination hearing. *Velger v. Cawley*, 525 F.2d 334 (2d Cir. 1975). Furthermore, the file does not support the defendants' assertion that after November 21, 1974, they offered the plaintiff an opportunity to clear his name. A hearing at this late date would clearly not remedy the damage which the plaintiff has suffered in the interim if all of his allegations are true.

■ Nevertheless, summary judgment for the plaintiff on the issue of deprivation of a liberty interest is not appropriate at this time. The Court has read the evaluations made of the plaintiff by certain of the defendants prior to plaintiff's termination (see exhibits attached to amended answer filed April 2, 1975) and does not believe that they contain the kind of damaging allegations which are within the protection of the Fourteenth Amendment. See cases cited at pages 20–22 of defendants' "Brief in Opposition to Partial Summary Judgment II," filed May 2, 1978; see also *Larry v. Lawler* (7th Cir. 1978), slip opinion No. 76–1747 (June 14, 1978). But the Court does not have before it the entire record of proceedings before the Council, nor can it know what other evidence the plaintiff may be able to produce with regard to the charges made against him. (See paragraph 11 of Terrien affidavit, filed June 9, 1975.) Also the present record before the court does not reveal how the charges against the plaintiff came to be made public, and therefore, the Court cannot determine at this time whether the charges became public or would inevitably have become so as a result of actions taken by the defendants, or whether they became public due solely to actions taken by the plaintiff.

The second issue presented to the court is plaintiff's request for reinstatement and back pay due to the allegedly unlawful composition of the Council at the time of plaintiff's termination. Section 203(a) of the Omnibus Crime Control and Safe Streets Act of 1968 (the "Act"), 42 U.S.C. § 3723, provided:

"(a) A grant made under this part to a State shall be utilized by the State to establish and maintain a State planning

agency. Such agency shall be created or designated by the chief executive of the State and shall be subject to his jurisdiction. The State planning agency shall be representative of law enforcement agencies of the State and of the units of general local government within the State." (P.L. 90–351; 1968 U.S.Code Congressional and Administrative News at 238.)

In 1973 the Act was amended by P.L. 93–83, the Crime Control Act of 1973. Section 203(a) of the Act, 42 U.S.C. § 3723(a), was amended to provide in part that:

"(a)(2) * * * The regional planning units within the State shall be comprised of a majority of local elected officials. * * * "

By agreement dated June 6, 1972, the Governor of the State of Wisconsin, the Mayor of the City of Milwaukee, the County Executive of Milwaukee County, and a representative for the suburban municipalities of Milwaukee County agreed that a twenty-one member criminal justice council should be appointed by the Governor for the regional criminal justice planning area defined by the boundaries of Milwaukee County. (See "Memorandum of Agreement # 2," attached to defendants' motion for summary judgment filed April 28, 1975.) While the agreement provided for the appointment of nominees of various county and city officials, there was no requirement that any number of the appointees be locally elected officials. Subsequent to the 1973 amendments to the Act, however, a memorandum of agreement was entered into by the Governor of the State of Wisconsin, the Mayor of the City of Milwaukee, the County Executive of Milwaukee County, and the representative of the Inter-Governmental Cooperation Council of Milwaukee County. (See exhibits attached to defendants' motion for summary judgment, filed April 28, 1975.) The agreement dated November 1, 1974, provides in part:

"3. The twenty-one members to be appointed by the Governor of the State of Wisconsin to the Metropolitan Milwaukee Criminal Justice Council shall consist of: * * * six nominees of the Mayor of the City of Milwaukee, five of which must be 'locally elected officials'; * * *."

It appears from the briefs filed by both parties that the Council members were appointed in July of 1972 in a manner which comported with the law in effect at that time and with the agreement of June 6, 1972; that after the 1973 amendment to the Omnibus Crime Control and Safe Streets Act, the Governor did not replace any members of the Council in order to include a majority of locally elected officials; and that from November 1, 1974 through November 21, 1974, the latter being the date of Terrien's termination, five of the six members appointed by nomination of the Mayor of Milwaukee were not locally elected officials as required by the November 1, 1974, agreement.

Terrien's attorney challenged the composition of the Council at the November 21, 1974, hearing, and Terrien has alleged by way of affidavit that it was public knowledge as of November 1974 that the Council was improperly constituted. Therefore, he argues, a number of the Council members who voted in favor of his termination were not at that time de facto officers of the Council, their votes were without effect, and he is entitled to reinstatement and back pay until a properly constituted Council is appointed and votes on the matter of his termination. The defendants argue that, at a minimum, the Council members were de facto officers at the time of Terrien's removal, and thus that their act of removing him was within their authority and was effective.

■ The lack of documentation in the record of any of the information set forth above about the apparent history of the Council's composition would in any event preclude the court from granting summary judgment for the plaintiff on the issue of reinstatement. There are, however, other reasons which also preclude such a grant.

■ The plaintiff argues that the question of whether or not the Council members were de facto officers is a matter of federal

common law and not of state law. At least on the record before the court, plaintiff's position is without merit.* See, e. g., *United States ex rel. Doss v. Lindsley,* 148 F.2d 22 (7th Cir. 1945), cert. denied 324 U.S. 863, 65 S.Ct. 866, 89 L.Ed. 1419 (1945), cert. denied 325 U.S. 858, 65 S.Ct. 1195, 89 L.Ed. 1978 (1945), cert. denied 326 U.S. 765, 66 S.Ct. 146, 90 L.Ed. 461 (1946), wherein the Court examined the de facto status of a state special prosecutor in light of the Illinois constitution and statutes. Thus, this Court will look to the provisions of Wisconsin law to determine whether the defendant council members were serving either as de jure or de facto Council members at the time of Terrien's removal.

Pursuant to 42 U.S.C. § 3723(a), both as initially enacted and as amended in 1973, to the Memorandum of Agreement # 2 dated June 6, 1972, and to the Memorandum of Agreement dated November 1, 1974, referred to above, the authority to appoint the members of the Metropolitan Milwaukee Criminal Justice Council was vested in the Governor of the State of Wisconsin. No fixed term of office is set forth either in the statute or in the agreements. Section 17.07(4), Wis.Stats. (1971), provides:

" * * * Removals from office of legislative and appointive state officers may be made as follows:

     *   *   *   *   *   *

"(4) State officers appointed by the governor alone for a fixed or indefinite

term or to supply a vacancy in any office, elective or appointive, * * * by the governor at pleasure; * * *."

In *Moses v. Board of Veterans Affairs,* 80 Wis.2d 411, 259 N.W.2d 102 (1977), the Wisconsin Supreme Court held that pursuant to § 17.07, Wis.Stats., the right to remove a state officer is given only to the person who appointed such officer. In *State ex rel. Kleinsteuber v. Kotecki,* 155 Wis. 66, 144 N.W. 200 (1913), the Court held that where an office by statute became vacant on resignation of the officer but no successor was appointed and the resigned officer continued to exercise the duties of the office, he was a de facto officer until a successor was properly appointed. Cf. 63 Am.Jur.2d at 938, "Public Officers and Employees" § 507, stating that an officer who has the legal right to continue in office after his term expires until a successor is chosen is a de jure officer.

■ It is not clear to this Court whether the defendant Council members as of November 21, 1974, were de jure or de facto officers under the law of the State of Wisconsin. However, the Court is satisfied that they were one or the other, and that even as de facto officers, they possessed the authority to remove the plaintiff from his position as Executive Director of the Council. There is no dispute that the Council members as initially appointed were de jure officers. Nor does it appear that the Gov-

---

* The plaintiff has suggested that in view of the hybrid character of the Council as a federal-state-municipal entity, the Council members are not officers of the state alone. He cites a decision of this court filed April 24, 1975, in *City Federal Savings and Loan Association v. Robert P. Crowley, Sr.,* 393 F.Supp. 644 at 654–657, as authority for his position that the Court should apply or create a federal common law. In *Crowley,* however, the Court was concerned with a federal regulatory program established by Congress " 'covering all aspects of every savings and loan association "from its cradle to its corporate grave." ' " (At 655.) While the Metropolitan Milwaukee Criminal Justice Council was created pursuant to federal statute and is funded in large part with federal money, the plaintiff has made no showing that the Council, once established, is subject to the same type of pervasive federal regulations as

are federal savings and loan associations. The criminal justice councils are state planning agencies, they are created or designated by the state's chief executive and subject to his jurisdiction, and their membership is composed of state law enforcement agency and state local government representatives. 42 U.S.C. § 3723(a). Absent some further showing by the plaintiff that the Council itself or its members are subject to such pervasive federal regulation as to lose their character as a state agency and state officers, respectively, the Court is persuaded that the status of the Council members should be evaluated in accordance with principles of state law.

The Court is holding today only that summary judgment is inappropriate. The plaintiff is therefore not foreclosed from presenting evidence at trial which has a bearing on the status of the Council members.

ernor ever exercised his authority under § 17.07, Wis.Stats., to remove them from office or to appoint successors; thus, there were no claimants to office of greater entitlement. Finally, the defendants had no fixed terms of office and, therefore, even if considered as holding over in office after the 1973 amendments to the federal act, they were entitled to hold over and to continue to exercise the duties of their office. *State ex rel. Kleinsteuber v. Kotecki*, supra.

In *United States ex rel. Doss v. Lindsley*, supra, the Court stated at 23:

" * * * A person actually performing the duties of an office under color of title is an officer de facto, and his acts as such officer are valid so far as the public or third parties who have an interest in them are concerned, [citations omitted], and neither his eligibility to appointment nor the validity of his official acts can be inquired into except in a proceeding brought for that purpose. [Citations omitted.] * * * "

See also *Burton v. State Appeal Board*, 38 Wis.2d 294, 156 N.W.2d 386 (1968) (where an officer is de facto, his right to hold office may be attacked directly but not collaterally); 63 Am.Jur.2d "Public Officers and Employees" § 518. Wisconsin provides two methods for direct attack on the entitlement of an officer to hold office, see § 294.04, Wis.Stats. (1971) (quo warranto action brought by the state attorney general) and § 806.04 (formerly § 269.56), Wis. Stats. (1977) (declaratory judgment action wherein the challenge to an officer's entitlement to office is ancillary to the main proceeding). See *Boerschinger v. Elkay Enterprises, Inc.*, 26 Wis.2d 102, 132 N.W.2d 258 (1965). The plaintiff Terrien having used neither of these methods of attacking the status of the defendant Council members, he is in the position of the petitioner in *United States ex rel. Doss v. Lindsley*, supra, and is precluded from attacking their status in this proceeding. See also *United States v. Nussbaum*, 306 F.Supp. 66 (D.C. Cal.1969); *United States v. Groupp*, 333 F.Supp. 242 (S.D.Me.), aff'd 459 F.2d 178 (1st Cir. 1972).

The plaintiff also claims to have had a property interest in his continued employment as Executive Director of the Council. Paragraph 7 of the Memorandum of Agreement # 2, dated June 6, 1972, which is referred to above, provided:

"7. Three nominees for the position of Executive Director of the Metropolitan Milwaukee Criminal Justice Council shall be selected by a four-person interview panel consisting of a representative of each of the respective undersigned units of government. Appointments to the four-person interview panel shall be made by the undersigned. The Executive Director shall be selected from amongst the three nominees by the Metropolitan Milwaukee Criminal Justice Council."

On August 2, 1972, the Council adopted bylaws. Article VI, subsection B, provides in part:

" * * * The Executive Director shall be selected from amongst the three (3) nominees [of the interview panel] by a majority of the membership of the Metropolitan Milwaukee Criminal Justice Council and shall serve at the pleasure of the Council for an indeterminate term."

Defendants argue that because the bylaws provided that the Executive Director shall serve "at the pleasure of the Council for an indeterminate term," he had no property interest in continued employment.

Defendants' argument has previously been presented to this court in their earlier motion for summary judgment, and has previously been denied. (Decision and order dated January 21, 1976.) Their renewed motion for summary judgment, which raises the same argument, will also be denied.

■ Initially, the Court notes that none of the parties has addressed the issue of the Council's authority to enact bylaws or of the legal effect of those bylaws. Second, even assuming that the Council has such authority, and further assuming that under the state law the phrase quoted above would be construed as meaning that the defendant could be fired at will and without cause, see, e. g., *Richards v. Board of*

*Education, Joint School District No. 1, City of Sheboygan, Towns of Sheboygan, Wilson and Mosel, Sheboygan County; Town of Centerville and Village of Cleveland, Manitowoc County,* 58 Wis.2d 444, 206 N.W.2d 597 (1973); *State ex rel. Wattawa v. Manitowoc Public Library Board,* 255 Wis. 492, 39 N.W.2d 359 (1949); cf., *MacDonald v. DeWaele,* 263 Mich. 233, 248 N.W. 605 (1933); *People ex rel. Curtis v. Hogeboom,* 185 App.Div. 777, 173 N.Y.S. 417 (1918), it does not end the Court's analysis.

Terrien has stated in his affidavit filed June 9, 1975, that in 1973 federal authorities adopted a policy of requiring state and local councils to comply with civil service type principles in dealing with their employees (paragraph 4). He also states that at the time he was hired and continuing thereafter, he understood, based on statements made to him by certain Council members and by its attorney, that he had an expectation of continued employment, barring termination for cause (paragraph 5).

In *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Court held that the respondent had made sufficient allegations to withstand a motion for summary judgment of having a property interest in continued employment when he asserted that although his contract had no formal tenure provision, it "was secured by a no less binding understanding fostered by the college administration. In particular, the respondent alleged that the college had a *de facto* tenure program, * * *." 408 U.S. at 599–600, 92 S.Ct. at 2699. The Court further stated:

> "We have made clear in *[Board of Regents of State Colleges v.] Roth, supra,* 408 U.S. 564 at 571–572, 92 S.Ct. 2701, 33 L.Ed.2d 548, that 'property' interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, 'property' denotes a broad range of interests that are secured by 'existing rules or understandings.' *Id.,* at 577, 92 S.Ct. 2709. A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings

that support his claim of entitlement to the benefit and that he may invoke at a hearing. *Ibid.*" 408 U.S. at 601, 92 S.Ct. at 2699.

See also *Mathias v. City of Milwaukee Department of City Development,* 377 F.Supp. 497 (E.D.Wis.1974); *Pelisek v. Trevor State Graded School District No. 7 of the Town of Salem, Kenosha County, Wisconsin,* 371 F.Supp. 1064 (E.D.Wis.1974). The plaintiff has made sufficient allegations of having a continuing property interest in his employment as Executive Director of the Council to withstand defendants' motion on the present record before the court.

■ The final matter before the court is defendants' motion to strike plaintiff's request for a jury trial. The motion will be denied. The plaintiff seeks reinstatement and back pay; however, he also seeks compensatory damages for the alleged violation of his civil rights arising under the Fourteenth Amendment. In *Ford v. Breier,* 71 F.R.D. 195 (E.D.Wis.1976), this Court held that there is a right to a jury trial in an action for monetary damages which arises under the civil rights statutes. See also *Chapman v. Kleindienst,* 507 F.2d 1246 (7th Cir. 1974), holding that a jury should resolve the legal claims prior to the court's ruling on the equitable claims; *Wagle v. Murray,* 546 F.2d 1329 (9th Cir. 1976); *Van Ermen v. Schmidt,* 374 F.Supp. 1070 (W.D. Wis.1974).

For the foregoing reasons,

IT IS ORDERED that the motion of the plaintiff Ernest J. Terrien for partial summary judgment is denied.

IT IS FURTHER ORDERED that the motion of the defendants for summary judgment is denied.

IT IS FURTHER ORDERED that the motion of the defendants to strike plaintiff's demand for a jury trial is denied.